UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
BOBBY JAMES CARTER,

                Plaintiff,

       -against-

JPMORGAN CHASEBANK, N.A.; JPMORGAN
CHASE PRIVATE BANKING COMPLIANCE
DEPARTMENT; JENNIE F. MARMOH; and
TREVINO YSIDRO,

                Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 4244 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Bobby James Carter brought this action against JPMorgan Chase Bank, N.A., sued as "JP Morgan Chasebank," and JPMorgan Chase Private Banking Compliance Department (collectively, "Chase"), and individual defendants Jennie Marmol ("Marmol"), sued as "Jennie F. Marmoh," and Ysidro Trevino ("Trevino"), sued as "Trevino Ysidro," for failing to return a note valued at $3,400,513,249.05. (Compl., ECF No. 1.) Chase moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, ECF No. 20.) Before this Court is Magistrate Judge Sarah Netburn's December 14, 2017 Report and Recommendation ("Report," ECF No. 32), recommending that Chase's motion to dismiss be granted.[1] This Court adopts that recommendation.[2]

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

[2] Chase is the only proper Defendant in this case. As Magistrate Judge Netburn correctly concluded in her Report and Recommendation, Defendants Marmol and Trevino were never properly served. (Report at 5–6.)

## I. LEGAL STANDARDS

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 11.) No objection to the Report has been filed.[3] Having found no clear error, this Court accepts that recommendation.

"A Rule 12(b)(6) motion challenges the legal sufficiency of the claims asserted in a complaint." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, No. 13 Civ. 3180 (PGG), 2015 WL 5472944, at *13 (S.D.N.Y. Sept. 16, 2015). In deciding a Rule 12(b)(6) motion, a court "accept[s] all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008)). A court is "not, however, 'bound to accept conclusory allegations or legal conclusions masquerading as factual

---

[3] Plaintiff indicated at the Initial Pretrial Conference and in several affidavits that he does not "consent" to Magistrate Judge Netburn's "actions, orders, and recommendations[,]" (ECF Nos. 27, 29), and he has not submitted any response to Chase's motion. However, "consent of the parties . . . [is] not required" because Magistrate Judge Netburn "issued a report and recommendation pursuant to [28 U.S.C. § 636(b)(1)(B)]." *McKoy v. U.S. Postal Serv.*, 98 F. App'x 28, 29 (2d Cir. 2004).

conclusions.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008)). In order to survive such a motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester Cty.*, No. 12-CV-6718 (CS), 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). While courts read *pro se* complaints "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal citation omitted), *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *Twombly*, 550 U.S. at 555). Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations omitted); *see also Sharma v. D'Silva*, 157 F. Supp. 3d 293, 300 (S.D.N.Y. 2016).

## II. CHASE'S MOTION TO DISMISS IS GRANTED

The Report correctly determined that Plaintiff's Complaint does not state a claim for relief. "[Plaintiff's] allegation that the documents he submitted to Chase constitute a $3.4 billion note is unbelievable." (Report at 9.) The documents Plaintiff submitted to Chase "do not constitute a valuable financial instrument[:]" they are incomprehensible, filled with spelling errors, unsigned

- 3 -

by a Chase representative, not printed on any institutional type of letterhead, and do not satisfy the definition of a note as defined under New York's Uniform Commercial Code § 3-104.[4] (*Id.*) Therefore, Plaintiff fails to state a claim for relief, and his Complaint is dismissed.

## III. CONCLUSION

Magistrate Judge Netburn's Report and Recommendation is adopted. Chase's motion to dismiss is GRANTED, and the Complaint is dismissed.

The Clerk of Court is directed to close the motion at ECF No. 20.

Dated: New York, New York
February ___, 2018
FEB 2 8 2018

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge

---

[4] Magistrate Judge Netburn properly considered these documents, which were attached to Chase's motion to dismiss, as part of the pleadings. When considering a motion to dismiss, courts in general may only rely on the complaint. *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). However, a complaint is also deemed to include (1) "any written instrument attached to it as an exhibit," (2) "materials incorporated in it by reference," and (3) "documents that, although not incorporated by reference, are 'integral' to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted). Plaintiff's documents are incorporated in the Complaint by reference because every allegation in the Complaint, except one, refers to these documents. (*See* Compl. ¶¶ 9–17.) Plaintiff's documents are also integral to the Complaint because Plaintiff placed their alleged value at issue by demanding that Chase pay the value of the Note, relied upon the documents in crafting his Complaint, represented that he knew of the documents, and failed to contest their accuracy. (*See id.* ¶ 17.)